NEW YORK, L. E. & W. R. CO. v. ATLANTIC REFINING CO.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

    In an action to recover for injuries to plaintiff's locomotive and cars by running upon defendant's lumber it appeared that the lumber had been transported by plaintiff and delivered to defendant upon a siding adjoining plaintiff's main track the preceding afternoon, and partially unloaded; that sometime in the evening the remainder of the lumber was blown by a high wind from the car onto the main track; and that the siding was used by plaintiff for switching its trains, and for detached cars such as that which contained the lumber. *Held,* that a charge treating defendant's conduct as that of a trespasser, and excluding any question of plaintiff's contributory negligence from the jury, was prejudicial error.

Appeal from circuit court, New York county.

Action by the New York, Lake Erie & Western Railroad Company against the Atlantic Refining Company. There was a verdict for plaintiff, and defendant appeals.

Argued before BARTLETT and BARRETT, JJ.

*John Brooks Leavitt,* for appellant. *Charles Steele,* for respondent.

BARRETT, J. This action was brought to recover damages for injuries done to the plaintiff's locomotive and cars at a place called "Dyke's Switch." The locomotive and cars in question were so damaged by running upon certain lumber belonging to the defendant, which had fallen upon the plaintiff's track at that place. This lumber had previously been transported by the plaintiff, under a contract with the defendant, from Olean, in this state, and the car containing it had been delivered to the defendant at Dyke's switch on the afternoon preceding the accident. This car was so delivered upon the siding or switch adjoining the plaintiff's main tracks, and the defendant's agent, Bechtle, commenced to unload the lumber. The unloading was not completed that day, and the car was left for the night with the remaining unloaded lumber in the neighborhood of the plaintiff's main tracks. The charge is that the defendant was guilty of negligence in leaving this remaining lumber without proper support, and that, in consequence of such negligence, it was blown over upon the plaintiff's main track some time in the evening, by a high wind. The question of the defendant's negligence and of its responsibility for the acts of Bechtle was properly submitted to the jury, and their verdict is conclusive on this branch of the case. The question is substantially identical with that involved in the case of *Chapman* v. *Same Defendant,* and it was settled adversely to them upon their appeals in that case. 38 Hun, 637; 108 N. Y. 638, 15 N. E. Rep. 442. The present differs from the *Chapman Case* only with regard to the question of contributory negligence. Chapman was the engineer upon the plaintiff's train which was wrecked. The defendant's counsel there claimed that the court erred in refusing to charge, as requested, that "if the car was left in a dangerous condition, after being partly unloaded, it was negligence on the part of the railroad company to leave it in a dangerous condition so near the main track."

The general term held that, even if this proposition was correct, "it did not relieve the defendant if it was also guilty of an act of negligence which contributed to the injury." The only question there was as to the contributory negligence of the engineer. Here, however, the question is directly involved, as the railroad company is itself the plaintiff, seeking to recover because of the defendant's negligence. We see no reason why an exception should, under the circumstances, be made to the ordinary rule as to contributory negligence.

The defendant's liability rests solely upon its negligence, and not at all upon any willful act. It would seem to follow, therefore, that if the plaintiff's own negligence contributed to the occurrence it cannot recover. That principle is well settled, and quite universal. If, for instance, the engineer had seen the lumber in time to stop the train, can there be any doubt that the rule could be invoked; or, if some other agent of the plaintiff's had observed the fall of the lumber, and had suffered it to lie upon the track, or had observed its tottering condition, and ignored the impending danger? The learned judge at circuit entirely excluded all consideration of this question. He declined to charge the defendant's third, fourth, and ninth propositions, which were in these words: "*Third.* If you find that the accident occurred through the negligent omission to foresee that the lumber was not left in a condition to withstand a storm, then the plaintiff is equally negligent. *Fourth.* If you find that the accident occurred through any negligent omission of plaintiff to have a track-walker,—a person in charge of the tracks,—the verdict should be for defendant." "*Ninth.* If you find the railroad company was negligent in any way which helped to cause this injury, the defendant is not liable." Adverting to these requests later on the learned judge charged as follows: "I have already stated to you that the negligence upon the part of the railroad company in not having a watchman upon the track, if you please, or in running its engine at a high rate of speed, or anything of that kind, has nothing to do with the question of absolving these defendants from their liability. The plaintiffs were not bound to assume that these defendants were going to put their lumber upon the track, and therefore have a watchman for the purpose of seeing they kept it off. The law does not require a railroad company, or anybody else, to provide a guard to keep trespassers off their property," or to keep persons from putting obstructions upon their tracks. We think this view of the case was inaccurate, and that the entire exclusion of the question from the consideration of the jury was error. Of course, the plaintiff was not bound to assume that the defendant was going to put lumber on the track. The error here consists in treating the defendant's conduct as that of a trespasser. The gist of the action was negligence. The lumber fell upon the track. It was not put there by the defendant or its servants. As the recovery was sought upon the sole ground of negligence, the question whether the plaintiff's negligence contributed was necessarily involved. If there was no testimony tending to show such contributory negligence, then the charge given, and the refusal to charge as requested, were harmless. But we think there was enough to go to the jury on this head. The surrounding circumstances have to be considered. This siding was used by the plaintiff for switching its trains while waiting for express or through freight trains. It was also used for detached cars, such as that which contained the defendant's lumber. A witness testified that "when trains of the company would come on this switch they would bump up against these other detached cars, and sometimes push the cars probably for a quarter of a mile out of the way, so that we could not get at them to unload them again. That was the ordinary condition of affairs there when cars were standing on that switch." This witness also testified that there was a great deal of building going on in that neighborhood; that probably three or four hundred men were employed there; that other "stuff" was brought in besides lumber, and put on this sid-

ing; and that at different times the siding was occupied by as many as a dozen cars. It also appeared that this Dyke's switch was a pump station, but that it was not an ordinary station, and that only way freight trains stopped there regularly. No tickets were sold there, and there was no station agent. Another witness testified that there were three cars on the siding on the day in question; that he was at work on the third car, and that "the three cars were shoved up together that afternoon by the way freight." It further appeared that the plaintiff had no watchman there; that the cars and switch were left entirely unguarded; and that there was no supervision whatever of the tracks or their surroundings. We do not mean to say that the jury were bound to find contributory negligence from these facts, but we think such facts, and others not necessary to particularize, were proper for their consideration. The jury have said that if the plaintiff had exercised the care which the situation called for, and had recognized the danger of permitting more or less loose material to be lying, as this lumber was, in close proximity to its track, the accident would have been avoided. They might also have considered the fact that this material was in cars liable to be pushed, shoved, and jostled at any moment by their own way freight trains, and that the neighborhood was a busy, bustling one, tank building proceeding rapidly, and hundreds of men and boys employed upon the work. Other considerations bearing more or less directly upon the question of the duty imposed upon the plaintiff under all the surrounding circumstances might be adverted to. There was, for instance, but a single main track. The switch was half a mile long, with a short curve just before it was reached, and the plaintiff's train (more than two hours behind time) came round this curve at the rate of from 40 to 45 miles an hour. But we need not state all the circumstances. Enough has been pointed out to show a substantial foundation for the submission of the question of contributory negligence to the jury. It follows, therefore, that the judgment should be reversed, and a new trial ordered, with costs to abide the event.